UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

3:24-4401-JFA

| | |
|---|---|
| Linda J. Sharper, Individually and as Personal Representative of the Estate of Hercules Sharper, Jr. <br><br> Plaintiff, <br><br> vs. <br><br> Sumter County Sheriff's Office, Sheriff Anthony Dennis, and Elisha McDonald, <br><br> Defendants. | CASE NO.: X̶4̶a̶X̶9̶0̶X̶9̶9̶X̶ <br><br><br><br> **COMPLAINT** <br> **(Jury Trial Demanded)** |

The Plaintiff, Linda J. Sharper, Individually and as Personal Representative of the Estate of Hercules Sharper, Jr, complaining of the Defendants, Sumter County Sheriff's Office and Elisha McDonald, alleges as follows:

**PARTIES, JURISDICTION, & VENUE**

1. Plaintiff Linda J. Sharper ("Linda") is the duly appointed Personal Representative of the Estate of Hercules Sharper, Jr., and is the party bringing this action on behalf of the Estate and herself. Ms. Sharper is a citizen and resident of Sumter County, South Carolina.

2. Defendant Sumter County Sheriff's Office ("SCSO") is a governmental agency existing under the laws of the State of South Carolina, which conducts business in Sumter County, South Carolina at 1281 North Main Street.

3. Defendant Anthony Dennis ("Dennis") is the Sheriff of Sumter County and, at all times mentioned herein, was acting in the course and scope of his employment under color of law. Sheriff Dennis is sued in his official capacity and is named only to the extent that SCSO takes the position that it is not a legal entity and/or governmental entity.

1

4. Defendant Elisha McDonald was employed as a law enforcement officer by SCSO and, at all times herein, was acting in the course and scope of her employment under color of law. McDonald is sued in her individual capacity under 42 U.S.C. § 1983, 1988, *Dean v. McKinney*, 976 F.3d 407 (4th Cir. 2020) (cert. denied), *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170 (4th Cir. 2023), *Doe v. Rosa*, 795 F.3d 429 (4th Cir. 2015), the Fourteenth Amendment to the United States Constitution, and its progeny. Upon information and belief, McDonald is a citizen and resident of Sumter County, South Carolina.

5. Plaintiff brings this action in this Division as the incidents that give rise to this action occurred in Sumter County, South Carolina. Plaintiff further invokes this Court's concurrent jurisdiction to hear claims existing alongside and arising from the same facts and circumstances as those arising under the United States Constitution, the Fourteenth Amendment to the United States Constitution, and federal statutes 42 U.S.C. §§ 1983, 1988.

**FACTUAL ALLEGATIONS**

6. The preceding paragraphs are repeated and reiterated as if fully set forth herein.

7. On June 21, 2023, Defendant McDonald was operating a 2018 SUV in rainy conditions.

8. McDonald, a police officer who was on duty at the time, responded to a report of a prisoner who escaped during transport to the Sumter County Detention Center.

9. There were multiple deputies already on the scene of the escaped suspect, such that McDonald's presence was not necessary nor warranted under the circumstances.

10. While on the way to the scene, McDonald was operating her police vehicle in excess of the posted speed limit.

11. While on the way to the scene, McDonald was driving her police vehicle too fast for conditions.

12. It had been raining and there were visible areas of standing water on the roadways McDonald was traversing, such that the speed of her vehicle was not necessary, warranted, or reasonable under the circumstances.

13. McDonald lost control of her police vehicle when she struck standing water at an excessive speed and left the roadway.

14. As a result of McDonald's careless, reckless, and illegal operation of her vehicle, she violently collided with a utility pole and then a sedan parked in the driveway of Chase Automotive Group, located at 222 S Lafayette Drive in Sumter.

15. The sedan that was hit by McDonald's vehicle then struck Mr. Sharper, who was standing next to the sedan, and caused him to suffer catastrophic bodily injuries.

16. After enduring several days of conscious pain and suffering, Mr. Sharper died as a result of his injuries on June 26, 2023.

17. At all times relevant, McDonald's police vehicle did not have blue lights activated.

18. At all times relevant, McDonald's police vehicle did not have sirens activated.

19. McDonald was not driving with due regard for the safety of others at this time in that she was driving in excess of the speed limit, driving too fast for conditions, was not keeping a proper lookout for standing water, was not keeping a proper lookout for pedestrians, was driving without blue lights activated, and was driving without sirens actiavated.

20. Prior to the collision, McDonald recognized that her conduct posed a substantial risk of harm to the general public, including Mr. Sharper.

21. Prior to the colision, McDonald had sufficient time to consider and evaluate her conduct and whether it was violative of well-established legal standards.

22. Prior to the colision, McDonald had sufficient time to deliberate and exercise judgment as to the propriety and lawfulness of her conduct.

23. McDonald's conduct was reckless and created a substantial risk of harm to the general public, including Mr. Sharper.

24. McDonald's conduct violated clearly established federal law and the United States Constitution.

25. McDonald's conduct exhibited conscious shocking deliberate indifference to the lives and safety of the general public, including Mr. Sharper.

**FOR A FIRST CAUSE OF ACTION**
**42 U.S.C. 1983 and 1988 – 14th Amendment**
**Violation of Due Process – Defendant McDonald**

26. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

27. McDonald's conduct in operating her law enforcement vehicle while on duty in a reckless manner constitutes a conscience-shocking deliberate indifference to the lives and safety of the general public in violation of Mr. Sharper's Fourteenth Amendment Rights.

28. McDonald violated 42 U.S.C. §1983 while acting under color of law by depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution:

    a.  The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking conduct as secured by the Fourteenth Amendment;

    b.  The right to be free from deprivation of life, limb and property without substantive due process and from state created/enhanced danger as secured

        by the Fourteenth Amendment; and

    c.    And in such other particulars as may be learned through discovery.

29. McDonald had sufficient time to consider and evaluate her conduct, deliberate about whether it was violative of the United States Constitution, South Carolina statutory law, well-established legal standards, and agency policies, procedures and general orders.

30. McDonald had sufficient time to exercise judgment as to the propriety and lawfulness of her conduct resulting in the collision.

31. McDonald either knew or had fair warning that her conduct was impermissible and illegal under the United States Constitution, South Carolina statutory law, well-established legal standards, and agency policies, procedures and general orders.

32. A reasonable law enforcement officer in McDonald's position would have never reasonably believed that their conduct was permissible under the United States Constitution, South Carolina statutory law, well-established legal standards, and agency policies, procedures and general orders.

33. McDonald's conduct was so egregious, and so outrageous, that it may fairly be said to shock the contemporary conscience and exhibit deliberate indifference, consistent with the holdings in *Dean v. McKinney*, 976 F.3d 407 (4th Cir. 2020) (cert. denied), *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170 (4th Cir. 2023).

34. As a direct result of the conscious shocking and deliberately indifferent conduct by McDonald, Mr. Sharper suffered catastrophic injuries that led to his untimely death.

35. As a direct and proximate result of the violation of Mr. Sharper's constitutionally protected rights by McDonald, Plaintiff is entitled to recover actual and punitive damages from her as determined by a jury, as well as reasonable attorney's fees.

## FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 and 1988 – State Created Danger – Defendant McDonald)

36. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

37. McDonald is liable for her unconstitutional actions in creating the dangerous situation that resulted in Mr. Sharper's injury and death.

38. McDonald created or increased the risk of private danger and did so directly through her affirmative acts in driving her law enforcement vehicle while on duty at such rate of speed that she was not able to maintain control of her vehicle.

39. McDonald violated 42 U.S.C. §1983 while acting under color of law in the following respects:

    a. In engaging in conduct, actions, or omissions that caused or created an obvious, foreseeable danger of harm to Mr. Sharper;

    b. There was no danger to Mr. Sharper until such a danger was created by the actions and omissions of McDonald; and

    c. In such other particulars as will be learned through discovery and proven at trial.

40. Plaintiff suffered damages as a direct and proximate result of the danger created by McDonald.

41. Plaintiff is entitled to recover actual and punitive damages as determined by a jury, as well as reasonable attorney's fees.

## FOR A THIRD CAUSE OF ACTION
### (Negligence, Negligence Per Se, Gross Negligence – Defendant SCSO)

42. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

43. SCSO and its employees owed certain statutory and common law duties to citizens of Sumter County, including Mr. Sharper.

44. SCSO and its employees breached these duties as set forth in the particulars below.

45. SCSO and its employees were acting within the course and scope of their employment at all times relevant to this action.

46. SCSO is liable for the actions and omissions of its employees pursuant to the South Carolina Tort Claims Act.

47. SCSO's employee was careless, reckless, negligent, grossly negligent, and negligent per se in the following particulars:

    a. In operating her vehicle in excess of the posted speed limit;

    b. In operating her vehicle too fast for conditions;

    c. In operating her vehicle without blue lights activated;

    d. In operating her vehicle without sirens activated;

    e. In failing to maintain a proper lookout for standing water in the roadway and other vehicles and pedestrians;

    f. In violating South Carolina Statutory law including, without limitation, section SC Code § 56-5-760.

    g. In violating the policies, procedures, and general orders of the Sumter County Sheriff's Office including, without limitation, SCSO General Order B.3.b; and

    h. In such other particulars as will be learned through discovery and proven at trial.

48. SCSO is further directly liable for its own careless and reckless actions and omissions pursuant to the South Carolina Tort Claims Act.

49. SCSO was negligent and grossly negligent in the following particulars:

   a. In failing to have in place reasonable and appropriate policies and procedures related to the hiring and vetting of employees suitable for employment;

   b. In failing to follow its unreasonable and inappropriate policies and procedures related to the hiring and vetting of McDonald, who was not suitable for employment and posed a foreseeable danger to others;

   c. In failing to have in place reasonable and appropriate policies and procedures related to the training of employees on the United States Constitution, federal common law, South Carolina statutory law, state common law, industry standards, standards of care, and its own policies, procedures and general orders regarding the emergency operation of law enforcement vehicles;

   d. In failing to follow its unreasonable and inappropriate policies and procedures related to the training of McDonald and those tasked with supervising McDonald, who in the absence of such training, posed a foreseeable danger to others;

   e. In failing to have in place reasonable and appropriate policies and procedures related to the supervision of employees;

   f. In failing to follow its unreasonable and inappropriate policies and procedures related to the supervision of McDonald, who in the absence of such supervision, posed a foreseeable danger to others;

   g. In failing to have in place reasonable and appropriate policies, procedures, and trainings related to emergency vehicles operations and driving.

   h. In failing to follow its unreasonable and inappropriate policies, procedures, and

trainings related to emergency vehicles operations and driving.

i. In failing to exercise the degree of care that a reasonable employee would have under the same or similar circumstances; and

j. In such other particulars as will be learned through discovery and proven at trial.

50. The aforementioned particulars of negligence constitute multiple "occurrences" pursuant to the South Carolina Tort Claims Act and the interpretation of the same by South Carolina courts.

51. As a direct and proximate result of the careless, reckless, negligent, and grossly negligent actions and omissions of McDonald and the SCSO, Mr. Sharper suffered catastrophic and life-changing physical, mental, and emotional injuries and damages.

52. As the Personal Representative of Mr. Sharper's Estate, Plaintiff is entitled to recover actual damages as determined by a jury.

### FOR A FOURTH CAUSE OF ACTION
### (Wrongful Death - All Defendants)

53. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

54. As a direct and proximate result of the carelessness, recklessness, negligence, gross negligence, negligence per se, and conscience-shocking deliberate indifference to the lives and safety of the general public of McDonald and the SCSO, Mr. Sharper suffered fatal injuries that resulted in his death.

55. Linda Sharper, as Personal Representative of Mr. Sharper's Estate, is entitled to recover, and for the benefit of his statutory beneficiaries, wrongful death damages, including damages for economic loss, mental shock and suffering, wounded feelings,

grief and sorrow, loss of companionship, deprivation of the use and comfort of the deceased's society, loss of decedent's ability to earn money for the support, maintenance, care and protection of the beneficiaries, and reasonable funeral expenses.

56. The Plaintiff is entitled to recover wrongful death damages pursuant to Section 15-51-10 of the South Carolina Code in an amount to be determined by a jury at the trial of this action.

## FOR A FIFTH CAUSE OF ACTION
(Survival – All Defendants)

57. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

58. As a direct and proximate result of the carelessness, recklessness, negligence, gross negligence, negligence per se, and conscience-shocking deliberate indifference to the lives and safety of the general public of McDonald and SCSO, Mr. Sharper suffered conscious pain and suffering and economic loss, as set forth below.

59. Mr. Sharper suffered crush injuries, fractures, contusions, and hemorrhage as a result of this collision. He was hospitalized for five days for treatment of his extremely painful, severe injuries before ultimately dying.

60. Mr. Sharper incurred medical bills in excess of $350,000 for treatment of his severe injuries while in the hospital.

61. The Plaintiff is entitled to recover survival damages pursuant to Section 15-5-90 of the South Carolina Code in an amount to be determined by a jury at the trial of this action.

## FOR A SIXTH CAUSE OF ACTION
(Loss of Consortium – All Defendants)

10

50. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

51. Linda Sharper brings this cause of action in her individual capacity pursuant to Section 15-75-20 of the South Carolina Code and common law pertaining to loss of consortium.

52. Linda was the spouse of Mr. Sharper

53. As a direct and proximate result of the carelessness, recklessness, negligence, gross negligence, negligence per se, and conscience-shocking deliberate indifference to the lives and safety of the general public of McDonald and SCSO, Mr. Sharper suffered fatal injuries and Linda lost her spouse.

54. As a result, Linda has suffered and continues to suffer from the loss of companionship, love, society, services, aid, support, comfort, and affection of her spouse, for which she is entitled to recover actual damages, in her individual capacity, in an amount to be determined by a jury at the trial of this action.

55. This cause of action is distinct from the Wrongful Death cause of action, as these two causes of action have separate and distinct aims and damages, as recognized by the South Carolina Court of Appeals in *Burroughs v. Worsham*, 352 S.C. 382, 574 S.E.2d 215 (Ct. App. 2002) (noting that "the parties benefitting from the actions may be separate and distinct," and that loss of consortium claims are intended to compensate a spouse for a tortious violation of his or her rights, whereas "a wrongful death claim is intended to compensate the heirs of a decedent, who, if he had survived, could have brought a personal injury action").

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

a. A trial by jury;

b.  Judgement against Defendant McDonald for actual and punitive damages pursuant to 42 U.S.C. 1983;

c.  Reasonable attorney's fees pursuant to 42 U.S.C. 1988;

d.  Judgement against Defendant SCSO for actual damages pursuant to the South Carolina Tort Claims Act;

e.  That the jury be instructed on the definition of multiple "occurrences," as interpreted by multiple South Carolina circuit and district courts and provided a verdict form allowing for the finding of the numbver of occurrences; and

f.  For such other relief as the Court may deem just and proper.

CLAWSON FARGNOLI UTSEY, LLC

s/ Christy R. Fargnoli            .
Samuel R. Clawson, Jr.
Christy R. Fargnoli
Bert G. Utsey, III
Laura Wilkes D'Amato
The Presqu'ile House
2 Amherst Street
Charleston, SC 29403
Phone: (843) 970-2700
sam@cfulaw.com
christy@cfulaw.com
laura@cfulaw.com

Attorneys for Plaintiff

August 13, 2024
Charleston, South Carolina